[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
CT Page 9491
On May 16, 2000, the Plaintiffs, Linda Taylor and Ronald Taylor, filed an amended complaint directed against the Apportionment Defendant, William J. D'Aleo d/b/a BB Window Cleaning (D'Aleo), alleging in the First count negligence, in the Second Count loss of consortium, and in the Third Count a breach of contract claim. On May 19, 2000, D'Aleo filed a motion to strike the Third Count of the amended complaint on the ground that the count does not allege sufficient facts to show that the Plaintiff, Linda Taylor, was a third party beneficiary of the maintenance contract between the Defendant, Fleet Financial Group, Inc. (Fleet), and D'Aleo.
The Plaintiffs have alleged the following facts. Fleet operated, controlled and was responsible for the maintenance of the premises at 900 Enfield Street, Enfield, Connecticut. Fleet contracted with D'Aleo to maintain the premises including a corresponding obligation to ensure that all parking, driveway and walkway areas were cleared of snow and ice. The Third Count alleges that the parties to the contract intended that D'Aleo be obligated to ensure that the premises were safe for Fleet's business invitees including the Plaintiff. On December 9, 1997, the Plaintiff, Linda Taylor, a business invitee lawfully on the premises, slipped and fell on an icy spot sustaining serious injury. The Third Count alleges that Linda Taylor as a business invitee was a third party beneficiary of the contract and that D'Aleo breached said contract.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted; internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 588,693 A.2d 293 (1997). In ruling on a motion to strike the court must "construe the complaint in the manner most favorable to sustaining its legal sufficiency." Pamela B. v. Ment, 244 Conn. 296, 308, 709 A.2d 1089
(1998).
"[T]he ultimate test to be applied [in determining whether a person has a right of action as a third party beneficiary] is whether the intent of CT Page 9492 the parties to the contract was that the promisor should assume a direct obligation to the third party [beneficiary] and . . . that intent is to be determined from the terms of the contract read in the light of the circumstances attending its making, including the motives and purposes of the parties. . . . [I]t is not in all instances necessary that there be express language in the contract creating a direct obligation to the claimed third party beneficiary. . . ." (Citations omitted; emphasis omitted; internal quotation marks omitted.) Grigerik v. Sharpe,247 Conn. 293, 311-12, 721 A.2d 526 (1998). "[T]he intent to confer a benefit is irrelevant to the determination of whether [the plaintiff is] a third party beneficiary . . . rather, the appropriate inquiry is whether the parties . . . intended to create a direct obligation from one party . . . to the third party." (Citations omitted; emphasis omitted; internal quotation marks omitted.) Id., 313.
In the present case, the Plaintiffs have failed to allege facts sufficient to support a claim that Linda Taylor was a third party beneficiary of the contract between Fleet and D'Aleo. The Plaintiffs' allegations are merely conclusions and are therefore improper. SeeFaulker v. United Technologies Corp., supra, 240 Conn. 588. The Plaintiffs allege that Linda Taylor was a third party beneficiary of the contract. This is a conclusion and cannot, by itself, support the third count of the amended complaint. See Gazo v. Stamford, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 149858 (March 18, 1998, Mintz, J.); Maher v. First National Supermarkets, Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 555124 (August 22, 1996, Hale, S.T.R.).
The Plaintiffs also allege that by entering into the maintenance contract, Fleet and D'Aleo "intended that, following any winter storm, [D'Aleo] would be obligated to ensure that all parking, driveway and walkway facilities on the Premises were safe for Fleet's business invitees, including the Plaintiff." The Plaintiff claims that by alleging that the intent in forming the contract between Fleet and D'Aleo was to provide for the safety of Fleet's customers, she has sufficiently pleaded the necessary requirements to sustain a claim as a third party beneficiary. In support of this argument, the Plaintiffs cite Rigsbee v.A S Property Management, Inc., Superior Court, judicial district of New Haven, Docket No. 380258 (September 3, 1996, Corradino, J.).
In Rigsbee, the court denied a motion to strike where a tenant brought a third party beneficiary action against the defendant responsible for maintenance activities. The court held that "the contract language does not merely refer to the performance of services or work for and at the behest of the owner bank. It specifically refers to the fact and both contracting parties understood maintenance and repair work would be CT Page 9493 performed in response to tenant requests. The defendant did not have to even seek prior owner approval for certain repair work and the contract could be terminated if there was not a response "to reasonable tenant requests.'" Id. Unlike in Rigsbee, however, the contract in the present case does not create a direct obligation from either party to the contract to the third party beneficiary.
Furthermore, the court in Rigsbee ultimately denied the motion to strike because the plaintiff had pleaded sufficient facts to establish that "given the terms of [the] contract and the necessary relationship it created between the defendant and any tenants, it certainly can be said that tenants would reasonably rely on the repair obligations assumed by the defendant in the contract."[1] Id. The present Plaintiff has not pleaded facts that implicate a reliance factor.
The Plaintiffs also rely on Deluca v. Thurston, Superior Court, judicial district of Waterbury, Docket No. 124574, (July 7, 1995,McDonald, J.) (14 Conn.L.Rptr. 540) and Gazo v. Stamford, supra, Superior Court, Docket No. 149858. The Plaintiffs argue that these two cases stand for the proposition that it is sufficient for purposes of a motion to strike for a party to specifically plead that the contracting parties intended to benefit the alleged third party beneficiary.
In Deluca v. Thurston, supra, 14 Conn.L.Rptr. 540, the defendant, William Thurston (Thurston), contracted with American Linen Supply (Supply) to provide maintenance for a building. Supply failed to place absorbent mats in front of the elevator and the plaintiff slipped and fell. The plaintiff sought, as an alleged third party beneficiary to the contract between Thurston and Supply, to recover for injuries allegedly suffered from the fall. Supply argued that the third party beneficiary count was insufficient because the plaintiff failed to allege a relationship between the plaintiff and either of the defendants. In denying the defendant's motion to strike the court stated that "the complaint contains sufficient allegations which, when favorably construed, show that the contracting parties intended that the promisor Supply should assume a direct obligation to the third party. . . ." Id.
In Gazo v. Stamford, supra, Superior Court, Docket No. 149858, the plaintiff, in a slip and fall situation, initiated a breach of contract alleging third party beneficiary status. The court granted the defendant's motion to strike and stated that the plaintiff had improperly pleaded a legal conclusion by solely alleging that he was a third party beneficiary. The court stated that "the plaintiff [failed] to plead the existence of an intent to create an obligation from any defendant to the plaintiff." Id. CT Page 9494
The issues in both Deluca and Gazo required the court to resolve the sufficiency of third party beneficiary pleadings. Despite the Plaintiffs' contentions, neither Gazo nor Deluca anywhere hold that a pleading stating that the contract was intended for the benefit of the third party is sufficient to survive a motion to strike. Indeed, our Supreme Court has directly stated to the contrary: "[T]he intent to confer a benefit is irrelevant to the determination of whether [the plaintiff is] a third party beneficiary. . . ." (Citations omitted; internal quotation marks omitted.) Grigerik v. Sharpe, supra, 247 Conn. 313.
In the present case, the complaint states: "In entering into the Contract, Fleet and [D'Aleo] intended that, following any winter storm, [D'Aleo] would be obligated to ensure that all parking, driveway and walkway facilities on the Premises were safe for Fleet's business invitees, including the Plaintiff." There are no additional facts pleaded to support the Plaintiffs' conclusion that Linda Taylor was an intended third party beneficiary of the contract. See Plotkin v. Barot, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 346547 (June 15, 1999, Skolnick, J.); Jacoby v. Brinckerhoff, Superior Court, judicial district of Danbury, Docket No. 326260 (August 22, 1997,Moraghan, J.) (20 Conn.L.Rptr. 577), affd., 250 Conn. 86, 735 A.2d 347
(1999); Amatulli Imports, Inc. v. Nargezian, Superior Court, judicial district of Danbury, Docket No. 309084 (January 19, 1993, Moraghan, J.) (8 C.S.C.R. 180). Furthermore, the language of the contract is devoid of any reference to direct obligations assumed in favor of the Plaintiff.
The Plaintiff has merely pleaded conclusions unsupported by factual allegations. Accordingly, the motion to strike count three of the amended complaint is granted.
David L. Fineberg, Superior Court Judge